UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER HANNA,

    Petitioner,                                       Civil No. 5:09-CV-10004
                                                            HONORABLE JOHN CORBETT O'MEARA
v.                                                        UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Peter Hanna, ("Petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Gary A. Colbert, petitioner challenges his conviction for kidnapping, M.C.L.A. 750.349; extortion, M.C.L.A. 750.213; and assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84. Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, the application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Hanna,* No. 252363(Mich.Ct.App. March 15, 2005).

In April of 2005, petitioner filed an application for leave to appeal with the Michigan

1

Supreme Court. While this application was pending in the Michigan Supreme Court, petitioner retained current counsel, who filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. Seq.* Petitioner's counsel also filed a motion in the Michigan Supreme Court to stay the proceedings until the trial court resolved petitioner's motion for relief from judgment. The prosecutor moved to dismiss the motion for relief from judgment, on the ground that the trial court lacked jurisdiction to entertain the post-conviction motion because petitioner's application for leave to appeal remained pending before the Michigan Supreme Court. On October 24, 2005, the Macomb County Circuit Court granted the prosecutor's motion and dismissed the motion for relief from judgment. [1] On October 31, 2005, the Michigan Supreme Court denied petitioner's application for leave to appeal and also denied his motion to stay the proceedings. *People v. Hanna,* 474 Mich. 901 (2005).

On April 3, 2006, petitioner re-filed his post-conviction motion for relief from judgment with the trial court. After the trial court and the Michigan Court of Appeals denied petitioner post-conviction relief, collateral proceedings in the state courts ended on January 8, 2008, when the Michigan Supreme Court denied petitioner's post-conviction application for leave to appeal. *People v. Hanna,* 480 Mich. 1009 (2008). Petitioner filed his habeas application with this Court on February 2, 2009.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in

---

[1] *See* Docket Sheet from *People v. Hanna,* No. 2003-000052-FC (Macomb County Circuit Court), p. 2 Docket Entry from 10/24/2005(Attached to the Petition for Writ of Habeas Corpus).

2

custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the Michigan Supreme Court denied petitioner leave to appeal from his appeal of right in the Michigan Court of Appeals on October 31, 2005. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on January 29, 2006, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Fugate v. Booker*, 321 F. Supp. 2d 857, 859 (E.D. Mich. 2004). Petitioner therefore had until January 29, 2007 to file his petition in compliance with the statute of limitations unless the one year period was somehow tolled. *Id.* at 859-60.

Petitioner originally filed a post-conviction motion for relief from judgment with the trial court while his application for leave to appeal the Michigan Court of Appeals' affirmance of his

direct appeal was still pending with the Michigan Supreme Court. Petitioner claims that this motion was never dismissed by the Macomb County Circuit Court, but remained pending before that court after the Michigan Supreme Court denied petitioner's application for leave to appeal on October 31, 2005. Petitioner claims that the time from when the Michigan Supreme Court denied his application for leave to appeal his direct appeal on October 31, 2005 through the time that the Michigan Supreme Court denied his post-conviction appeal on January 8, 2008 should be tolled because his post-conviction motion remained pending in the state courts for that entire time period.

     A habeas petitioner has the burden of demonstrating facts that will statutorily toll the one-year limitations pursuant to § 2244(d)(2). *See e.g. Johnson v. Lewis,* 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004). Although petitioner's original post-conviction motion was held in abeyance on July 25, 2005 by the trial court pending a decision by the Michigan Supreme Court, the Macomb County Circuit Court subsequently dismissed this first motion for relief from judgment on October 24, 2005. This dismissal is reflected in the Macomb County Circuit Court docket entries. In a habeas proceeding, a federal district court is permitted to take judicial notice of the records in the case which resulted in the petitioner's underlying conviction. *See Camper v. Benov,* 966 F. Supp. 951, 953, n. 2 (C.D. Cal. 1997). In the absence of reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *Arnold v. Wood,* 238 F. 3d 992, 995 (8th Cir. 2001). Petitioner has presented no evidence to this Court that would dispute the Macomb County Circuit Court docket entry. Although petitioner claims that this docket entry refers to his motion for an evidentiary hearing, the docket entry indicates that the motion for an evidentiary hearing was dismissed because counsel failed to

4

appear, but further indicated that the trial court had granted the prosecutor's motion to dismiss the motion for relief from judgment. Further evidence that this first post-conviction motion was dismissed is evidenced in the trial court's subsequent order denying petitioner's re-filed motion for relief from judgment. In that opinion, the trial court judge noted that it had granted the prosecutor's motion to dismiss petitioner's motion for relief from judgment on October 24, 2005. *People v. Hanna,* No. 2003-0052-FC, * 2 (Macomb County Circuit Court, April 27, 2006). The trial court further noted that although M.C.R. 6.502(G) limits a defendant to filing one post-conviction motion, "[B]ecause defendant's prior motion was premature, the Court will discount that motion and will respond to the defendant's amended motion filed April 3, 2006." *Id.* Petitioner himself indicates in his petition for writ of habeas corpus that this first motion for relief from judgment was dismissed, although he claims that it was because an illness of counsel prevented him from appearing in court. [2]

Petitioner's first post-conviction motion was filed prematurely, because his direct appeal was still pending with the Michigan Supreme Court when he filed this motion with the Macomb County Circuit Court. Under M.C.R. 6.508(D)(1), a Michigan court may not grant relief from judgment if the criminal defendant's motion seeks relief from the judgment of a conviction and sentence that still is subject is to challenge on appeal under M.C.R. 7.200 [the court rules for the Michigan Court of Appeals] or M.C.R. 7.300 [the court rules for the Michigan Supreme Court]. *People v. McSwain*, 259 Mich. App. 654, 679; 676 N.W. 2d 236 (2003); *See also Moritz v. Lafler,* No. 2008 WL 783751, * 2 (E.D. Mich. March 19, 2008). The Macomb County Circuit Court would not have had jurisdiction to entertain petitioner's post-conviction motion while his

---

[2] *See* Brief in Support of Petition for Writ of Habeas Corpus, p. 8.

direct appeal remained pending before the Michigan Supreme Court.

An application for state post-conviction relief is considered "properly filed", for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001). In this case, the trial court appears to have dismissed petitioner's post-conviction motion pursuant to M.C.R. 6.508(D)(1) because it had been filed prematurely. Because federal courts defer to state courts on issues of state law and procedure, this Court must defer to the state trial court's finding that petitioner's original post-conviction motion was not filed in substantial compliance with the filing requirements found in M.C.R. 6.508. *See Vroman v. Brigano,* 346 F. 3d 598, 603 (6th Cir. 2003); *Israfil*, 276 F. 3d at 771-72. Thus, the state trial court's determination whether petitioner's post-conviction motion was properly filed governs whether petitioner's post-conviction motion action tolled the statute of limitations under § 2244(d)(2). *Vroman,* 346 F. 3d at 603.

Because petitioner's first post-conviction motion was dismissed for failing to conform with the requirements of M.C.R. 6.508(D)(1), petitioner's motion for relief from judgment was not properly filed and did not toll the limitations period pursuant to § 2244(d)(2). *See Herbert v. Jones,* 351 F. Supp. 2d 674, 677 (E.D. Mich. 2005). A state post-conviction motion or state habeas application that is dismissed as premature because it was filed during the pendency of the petitioner's direct appeal is not a properly filed post-conviction application and does not toll the limitations period pursuant to § 2244(d)(2). *See Blackson v. Warden, SCI Waymart,* No. 2009

WL 929857, * 3 (E.D. Pa. March 27, 2009); *Roberts v. Norris*, No. 2007 WL 38152, * 3-4 (E.D. Ark. January 5, 2007). Petitioner's prematurely filed post-conviction motion for relief from judgment did not toll the limitations period.

Petitioner ultimately filed his second post-conviction motion for relief from judgment with the state trial court on April 3, 2006, after sixty four days had already elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment on January 8, 2008. *Hudson v. Jones*, 35 F. Supp. 2d 986, 988-989 (E.D. Mich. 1999). Petitioner had three hundred and one days remaining from this date, which would have been no later than November 4, 2008, to timely file his petition with this Court. Because the instant petition was not filed until almost two months later on January 2, 2009, the petition is untimely and was not filed in compliance with the AEDPA's one year statute of limitations.

In his reply to the motion to dismiss, petitioner's counsel claims that he only discovered petitioner's *Brady* claim involving the police department's failure to process a fingerprint that was recovered from above the faucet of the bathtub where petitioner had submerged the victim's head in water.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

In the present case, the commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D) until petitioner's alleged discovery of the factual predicate for his *Brady* claim, in light of the fact that petitioner was aware at trial that the police had not processed this fingerprint. *See Whalen v. Randle,* 37 Fed. Appx. 113, 119 (6th Cir. 2002).

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir.

2001). The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *She Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner's counsel first appears to argue that the limitations period should be equitably tolled because he believed that the first post-conviction motion remained pending before the Macomb County Circuit Court. As a general rule, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado,* 337 F. 3d at 644(*quoting Whalen*, 37 Fed. at 120). Counsel's mistaken belief that petitioner's first state postconviction application was pending for purposes of tolling the one-year limitations period would not justify equitable tolling of the one-year limitations period. *Jurado,* 337 F. 3d at 644-45.

Petitioner's counsel next contends that the limitations period should be equitably tolled because he suffers from an unspecified visual impairment, as well as the fact that counsel's mother and dogs passed away and he lost his home and law office during the time that the statute of limitations ran.

While the Court is sympathetic to counsel's personal and financial problems, they would be insufficient to equitably toll the limitations period. *See Modrowski v. Mote,* 322 F. 3d 965, 967-68 (7th Cir. 2003)(rejecting the argument that petitioner's counsel's depression, physical illnesses, the death of his father, and the disintegration of his law practice justified equitable

9

tolling of the limitations period). An attorney's incapacity does not justify equitable tolling of the limitations period, "because attorney incapacity is equivalent to attorney negligence for equitable tolling purposes." *Id.* at 968. Habeas petitioners bear the ultimate responsibility for filing their habeas applications, even if that means preparing duplicative petitions. *Id.* Petitioner is not entitled to equitable tolling on this basis.

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar

is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date: September 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 9, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager